### HERMAN, Petitioner-Appellant, v. ALVIS, Warden, Respondents-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 4642.   Decided October 10, 1951.

Robert P. Herman, Petitioner, acting in his own behalf.
Hon. C. William O'Neill, Atty. Genl., Max H. Dennis, Asst. Atty Genl., Columbus, for respondents-appellees.

## OPINION

By THE COURT.

Appellant raises the question of the validity of the indictment to which he entered a plea of guilty and upon which he was sentenced. We can consider this case only as upon appeal on questions of law, although it is designated "Writ of Certiorari," a writ in our practice now abolished.

None of the facts developed in the trial court are before us. As a matter of fact there is no transcript, but the original indictment has been produced and the amendment thereto both of which would properly be a part of the transcript if certified by the clerk. We pass upon the one determinative question in the case, which is, whether or not the indictment to which the appellant entered a plea of guilty and upon which plea he was sentenced, charged an offense. The indictment as returned by the grand jury, in so far as pertinent, charges that Robert P. Herman "unlawfully, maliciously and forcibly broke and entered the cigar store of Frank Reed and Darwin Frost in the night season, with the intent to commit burglary therein."

A motion to quash the indictment was filed, whereupon the prosecuting attorney moved for leave to amend the indictment by deleting the word "burglary" and inserting the word "larceny" therein by interlineation. The motion was sustained and the word "burglary" was stricken and the word "larceny" written into the indictment. Thereupon the defendant entered his plea of guilty.

Sec. 13437-29 GC authorizes an amendment to an indictment. In so far as germane it provides:

"The court may at any time before, during or after the trial amend the indictment, * * * in respect to any defect, imperfection or omission in form or substance, * * * provided no change is made in the name or identity of the crime charged."

In our judgment the original indictment charged the offense of burglary and the amendment merely made the charge more specific. The word "burglary" connotes the entering of a building in the night season with intent to commit a felony or with intent to steal property of value. So that, although the form was not exact it did charge a crime. However, had the amendment affected the substance of the indictment the accused would, upon motion, have been entitled "to a discharge of the jury, * * * and to a reasonable continuance of the cause," under the same section authorizing the amendment, "unless it shall clearly appear from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is

made, or that his rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury."

Appellant with the benefit of counsel entered a plea of guilty without invoking his privilege under §13437-29 GC.

Upon any theory upon which the indictment and amendment could be challenged we do not find that the proceedings incident thereto denied the appellant due process of law or that he was not charged with the offense of burglary, either in the original indictment alone or in connection with the amendment.

The judgment will be affirmed.

HORNBECK, PJ, WISEMAN & MILLER, JJ, concur.